# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Crim. Action No. RDB-14-0441 |
| BOBBIE JOHNSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Apprehensive of the potential spread of COVID-19 in prison, Defendant Bobbie Johnson, who is serving a 90-day sentence, having pled guilty to violations of supervised release, moves to reduce his sentence to time served and his immediate placement in home detention as a condition of continued supervised release. Johnson moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentence modification for "extraordinary and compelling reasons." That statute grants the Bureau of Prisons ("BOP") authority to move for a sentence reduction on behalf of a Defendant. § 3582(c)(1)(A). If the BOP has not moved on his behalf, a defendant may seek a sentence reduction only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The statute does not provide any exceptions to these exhaustion requirements, and this Court may not create one by judicial order. This Court lacks jurisdiction to resolve Defendant Johnson's petition until he has exhausted his administrative remedies or waited the requisite 30 days for a BOP response specified by § 3582(c)(1)(A)(i). Johnson only began the

administrative process on March 27, 2020—a week ago. Accordingly, Johnson's Emergency Motion for Compassionate Release (ECF No. 189) is DENIED at this time.

## BACKGROUND

On June 2, 2015 Defendant Bobbie Johnson pled guilty to conspiracy to distribute and possession with intent to distribute 100 grams or more of a mixture containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. (Rearraignment, ECF No. 62; Plea Agreement, ECF No. 63.) On December 1, 2015, this Court sentenced Petitioner to six months' imprisonment followed by five years of supervised release. (Judgment & Commitment Order, ECF No. 111.)

Johnson began his 5-year period of supervised release on April 11, 2016. On January 22, 2020, the United States Marshals Service arrested Johnson on a violation of supervised release warrant. At his violation hearing of February 11, 2020, Johnson admitted to three violations of supervised release: (1) failing to report to his probation officer as directed; (2) failing to satisfactorily participate in a substance abuse program; and (3) failing to notify his probation officer of his change in address. (Judgment & Commitment Order, ECF No. 187.) Government counsel and Defense counsel both agreed to a recommendation of a 90-day period of incarceration, which this Court imposed, in addition to two-years of continued supervised release and the completion of a residential substance abuse program at Helping Up Mission. (*Id.*)

The Judgment and Commitment Order in this case provided Johnson with credit for time served from January 22, 2020. (ECF No. 187.) Accordingly, Johnson has an expected

release date of April 20, 2020. The Bureau of Prisons has recently transferred Johnson to MDC Brooklyn. At least one inmate at MDC Brooklyn and four staff members have tested positive for COVID-19. *See* https://www.bop.gov/coronavirus/index.jsp. The BOP has identified Defendant Johnson as potentially susceptible to the disease because of underlying health conditions. It is unclear whether Johnson will remain in MDC Brooklyn for the duration of his remaining 17 days of imprisonment. The Bureau of Prisons formerly indicated that it had halted the majority of inmate transfers, but has subsequently clarified that it has not "ceased all inmate movements because the federal judicial system as well as state courts continue to process criminal cases." *See* United States Bureau of Prisons, "BOP Implementing Modified Operations," *available at* https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed April 2, 2020).

After having initiated his request to the BOP on March 27, 2020, Defendant filed the instant motion on Monday, March 30, 2020, requesting this Court to modify his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i) and to place him on home confinement as a condition of supervised release. (ECF No. 189.) Petitioner's request is based purely on the potential that he may be exposed to COVID-19, and that he would be especially susceptible to the disease because of his underlying medical conditions. The Government filed a Response in Opposition to Defendant's Motion on April 1, 2020, and the Defendant replied on April 2, 2020.

3

# ANALYSIS

18 U.S.C. § 3582(c) grants the District Court the authority to modify a prisoner's sentence under narrow circumstances. The statute reads, in relevant part, as follows:

(c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—

    (1) in any case—

        (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

            (i) extraordinary and compelling reasons warrant such a reduction[.]

            . . .

        (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.

    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

28 U.S.C. § 3582(c).

In this case, the Defendant is moving for a sentence modification pursuant to § 3582(c)(1)(A)(i). As is clear from the text of the statute, either the Bureau of Prisons or a

4

Defendant may move for a sentencing modification based on "extraordinary and compelling reasons" under that subsection. If the BOP does not move on the Defendant's behalf, the Defendant must first exhaust administrative remedies before filing a motion on his own. *Id.* Specifically, the Defendant may only move "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

In this case, there is no question that the Defendant has not complied with these requirements. Defendant first requested a sentence modification on March 27, 2020—one week ago. The BOP has not yet decided whether to grant or deny the Defendant's motion. To circumvent this problem, Defendant asks this Court to waive § 3582(c)(1)(A)'s exhaustion requirements. This Court does not have the jurisdiction to do so. The exhaustion requirements of § 3582(c)(1)(A) are jurisdictional in nature, and this Court may not expand its jurisdiction by waiving such requirements. Alternatively, even if § 3582(c)(1)(A)'s exhaustion requirements were merely mandatory claim processing rules, rather than jurisdictional in nature, this Court may not recognize an exception to their operation which Congress has not authorized.

**I. The Administrative Exhaustion Requirements of § 3582(c)(1)(A) are Jurisdictional in Nature and Cannot be Waived.**

As this Court has very recently held, the administrative exhaustion requirements of § 3582(c)(1)(A) are jurisdictional in nature—that is, a court has no power to hear a claim under this provision if the Defendant has not first exhausted his administrative remedies. *See United*

*States v. King*, DKC-16-0484; *United States v. Cook*, JKB-16-0485; *United States v. Battle*, DKC-18-0350. In *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843 (2019), the United States Supreme Court distinguished between exhaustion requirements which are jurisdictional in nature and those which are better characterized as mandatory claim processing rules. The failure to adhere to jurisdictional exhaustion requirements may warrant dismissal of a case at any time, as such requirements implicate the Court's power to adjudicate the controversy presented. *Id.* at 1849. An argument based on the failure to adhere to a mandatory claim processing rule, however, may be waived if not presented in a timely fashion. *Id.*

Most critically for purposes of this case and other requests in the wake of the COVID-19 Pandemic, federal courts may not develop judicial exceptions to a jurisdictional bar—such as the failure to adhere to jurisdictional exhaustion requirements—as it is axiomatic that federal courts cannot expand their power to hear cases "by judicial decree." *Kokkonen v. Guardian Life In. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994) (citations omitted); *see also Dolan v. United States*, 560 U.S. 605, 610, 130 S. Ct. 2533 (2010) ("The expiration of a 'jurisdictional' deadline prevents the court from permitting or taking the action to which the statute attached the deadline. The prohibition is absolute."); *United States v. Martin*, 662 F.3d 301, 307-08 (4th Cir. 2011) (explaining that courts cannot waive jurisdictional conditions); *In re United Refuse LLC*, 171 F. App'x 426, 432 n.6 (4th Cir. 2006) ("[W]e cannot waive . . . jurisdictional requirements even in the face of good cause." (citations and quotations omitted))).

As Chief Judge Bredar of this Court has recently noted, the United States Court of Appeals for the Fourth Circuit has not yet addressed whether the requirements of §

6

3582(c)(1)(A) are jurisdictional in nature. *United States v. Williams,* JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020). In *United States v. May*, 855 F.3d 271 (4th Cir. 2017), the Fourth Circuit recognized a "nonjurisdictional" bar to "§ 3582(c)(2)-based motions for reconsideration," but did not consider the subsection at issue in this case: § 3582(c)(1)(A). *Id.* at 274. The Fourth Circuit's subsequent dismissal for lack of jurisdiction under § 3582(c)(1)(B) strongly suggests that a different analysis applies to different subsections of § 3582(c). *United States v. Duggan,* 771 F. App'x 261 (4th Cir. 2019) (holding that the district court "lacked jurisdiction" to grant relief under the First Step Act and citing § 3582(c)(1)(B)). The Fourth Circuit has subsequently, and recently, cited *Duggan*'s dismissal based on a lack of jurisdiction with approval, *see United States v. Wirsing*, 943 F.3d 175, 182 n.3 (4th Cir. 2019).

As the Supreme Court explained in *Fort Bend*, the text of the statute will ordinarily clarify whether an exhaustion requirement is jurisdictional in nature. "If the Legislature clearly states that a prescription counts as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue; but when Congress does not rank a prescription as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Fort Bend*, 139 S. Ct. at 1850 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–516, 126 S. Ct. 1235 (2006) (alterations in original omitted)). Applying this rule, the Supreme Court held that the administrative exhaustion requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, were not jurisdictional in nature, in part because they "do not speak to a court's authority." *Fort Bend*, 139 S. Ct. at 1850 (citing *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 512, 134 S. Ct. 1584 (2014)).

7

Unlike the administrative exhaustion requirements of Title VII, § 3582(c) *does* speak to the Court's authority to hear a case. The statute explicitly states that the courts generally lack authority to modify a prisoner's sentence. It explains that "[t]he court *may not* modify a term of imprisonment once it has been imposed," except under specified conditions. § 3582(c) (emphasis added). When a defendant moves for compassionate release based on "extraordinary and compelling reasons," the Court's jurisdiction is conditioned upon the exhaustion of administrative remedies or the BOP's failure to act after the elapse of 30 days.

In *United States v. McGaughy*, 670 F.3d 1149 (10th Cir. 2012) the United States Court of Appeals for the Tenth Circuit concluded that § 3582(c) presents a jurisdictional bar to this Court's ability to modify sentences absent certain conditions. After reviewing § 3582(c), the Tenth Circuit determined that its "language operates as a clear and mandatory restriction on a court's authority." *McGaughy*, 670 F.3d at 1158 (citation and quotations omitted); *see also United States v. Spaulding*, 802 F.3d 1124 (10th Cir. 2015) ("This panel is, of course, bound by *McGaughy*'s holding that § 3582(c) acts as a jurisdictional limitation on the ability of district courts to alter previously imposed sentences of imprisonment."). The United States Courts of Appeals for the Fifth and Ninth Circuits have reached the same conclusion. *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) ("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."); *United States v. Spears*, 824 F.3d 908, 917 (9th Cir. 2016) (affirming the dismissal of a petition for a sentencing modification made under § 3582(c)(2) on jurisdictional grounds).

As recently noted in *United States v. Monzon*, DLC-99-0157, 2020 WL 550220 (S.D.N.Y. Feb. 4, 2020), there is a circuit split with respect to whether or not the exhaustion requirements of § 3582(c) are jurisdictional in nature. While the Fifth, Ninth, and Tenth Circuits have determined that they are jurisdictional, the United States Court of Appeals for the Seventh Circuit in *United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015) determined that § 3582(c) is not jurisdictional in nature because Congress "has not framed the issue in terms of jurisdiction," and because § 3582(c) is not "part of a jurisdictional portion of the criminal code." *Id.* at 671.

The Supreme Court in *Fort Bend* has since confirmed that a statute's language must guide the determination of whether a statute is jurisdictional in nature; and the placement of the prescription outside of a statute's jurisdictional subsections is not irrelevant. *Fort Bend*, 139 S. Ct. at 1850-51. Nevertheless, Congress's use of the term "jurisdictional" is not a talisman and its decision to refrain from placing a particular provision beneath a jurisdictional header cannot trump the substance of the statutory text. Section 3582(c) contains an explicit restriction on the Court's authority to modify sentences—unlike the Title VII provision analyzed in *Fort Bend*, it explicitly "speak[s] to a court's authority." *Fort Bend*, 139 S. Ct. at 1850 (citing *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 512, 134 S. Ct. 1584 (2014)). Accordingly, this Court does not find the Seventh Circuit's holding persuasive, and follows the reasoning of the Fifth, Ninth, and Tenth Circuits and the guidance of the Supreme Court in its recent *Ford Bend* opinion. Therefore, Section 3582(c)(1)(A) is jurisdictional in nature and this Court does not have jurisdiction to address requests for reduction of a sentence until there has been an exhaustion of administrative remedies in accordance with the statute.

## II. There are No Exceptions to § 3582(c)(1)(A)'s Administrative Exhaustion Requirements.

Even if § 3582(c)(1)(A) were not a jurisdictional bar, however, this Court could not summarily waive the administrative exhaustion requirements of the statute. In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the United States Supreme Court explicitly prohibited such judicial maneuvering. In *Ross*, the district court dismissed a prisoner's claim based on his failure to satisfy the administrative exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The Fourth Circuit reversed, stating that the PLRA's "exhaustion requirement is not absolute" and that "special circumstances" excused the Defendant's failure to adhere to them. *Id.* at 1856. The Supreme Court reversed the Fourth Circuit and remanded the case with instructions, finding that the Fourth Circuit had inappropriately deviated from the statutory text of the PLRA. *Id.* at 1856 ("Statutory interpretation, as we always say, begins with the statutory text—but here following that approach at once distances us from the Court of Appeals." (quotations and citations omitted)). The Supreme Court explained that "Congress sets the rules," not courts, when statutorily imposed exhaustion requirements are at play. *Id.* at 1857. Accordingly, only exceptions recognized in the PLRA itself—including the exception that administrative remedies which are not "available" need not be exhausted—could excuse the Defendant's failure to adhere to the PLRA's claim processing requirements. *Id.*

Section 3582(c)(1)(A) does not identify any exceptions to its exhaustion requirements. Accordingly, this Court and several others have found that the federal courts may not waive its administrative exhaustion requirements. *See, e.g.*, *United States v. Williams*, JKB-15-0646, 2020 WL 1506222 (D. Md. March 3, 2020); *United States v. Zywotko*, No.

219CR113FTM60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Clausen*, No. CR 16-256 (MJD/LIB), 2020 WL 1442852, at *1 (D. Minn. Mar. 24, 2020).

A recent opinion of Judge Blake of this Court is not inconsistent with these holdings. In *United States v. Collins*, CCB-10-336, 2020 WL 1506176 (D. Md. March 30, 2020), a prisoner argued that he was entitled to relief under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, based on a *change in the statutory penalty applicable to his conviction* for conspiracy to distribute and possess with intent to distribute both 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine within 1000 feet of a public housing facility.[1] Judge Blake found that the Defendant in that case was entitled to resentencing based on that statutory change. In determining that the prisoner was entitled to be released from prison, the Court considered—among several other factors—the potential spread of COVID-19 among inmate populations.

Critically, the administrative exhaustion requirements of § 3582(c)(1)(A) are not applicable to the types of motions Judge Blake of this Court considered in *Collins*. Rather, motions for a sentencing reduction authorized by the First Step Act are made pursuant to § 3582(c)(1)(B), which authorizes the District Court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *See United States v.*

---

[1] Defendant sought a reduction in sentence because Section 2 of the First Step Act modified the statutory penalties associated with his conviction under 21 U.S.C. § 841(b)(1)(a)(iii). (*United States v. Collins*, CCB-10-0336, ECF No. 1036 at 5.) At the time of his sentencing, this offense required a 10-year mandatory minimum sentence; today, the same offense carries a mandatory minimum sentence of 5 years. (*Id.*)

11

*Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019) ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion."). Section 3582(c)(1)(B) does not contain the administrative exhaustion requirements set forth in § 3582(c)(1)(A). Accordingly, *Collins* did not address these requirements and Judge Blake's decision is not inconsistent with this Court's holding concerning § 3582(c)(1)(A).

Finally, this Court cannot avoid the exhaustion requirements of § 3582(c)(1)(A) by construing the Defendant's Motion as seeking release from prison under 28 U.S.C. § 2241 or § 2255. Under § 2241, a BOP prisoner may seek habeas relief for "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Fourth Circuit has held that a prisoner may only bring a § 2241 claim to challenge the "fact or duration" of his sentence, and that "conditions-of-confinement claims are not cognizable in habeas proceedings." *Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) (citing *Rodriguez v. Ratledge*, 715 F. App'x 261, 265–66 (4th Cir. 2017). Similarly, a § 2255 petition to vacate, modify, or correct sentence may not be employed to mount a general challenge to the conditions of one's confinement. *See Sanders v. United States*, 183 F.2d 748, 749 (4th Cir. 1950) (holding that petitioner's complaint of mistreatment in prison did not present grounds for relief under § 2255). As the Defendant is challenging the conditions of his confinement—namely, the potential spread of COVID-19—§ 2241 and § 2255 are not the appropriate vehicles for his petition.

In summary, this Court will not read an exception into § 3582(c)(1) which does not exist. To obtain relief under § 3582(c)(1)(A), a prisoner must either fully exhaust his administrative remedies or wait until 30 days have elapsed without a BOP determination. Until

these requirements are satisfied, this Court lacks jurisdiction to entertain the Defendant's Motion. As this Court concludes that it lacks jurisdiction over the Defendant's Motion, it will not consider whether the Defendant has presented "extraordinary and compelling reasons" warranting release from prison.² Such review may be made by this Court after the exhaustion of administrative remedies or after the 30-day period has elapsed.

## CONCLUSION

For the reasons stated above, Defendant's Emergency Motion for Compassionate Release (ECF No. 189) is DENIED WITHOUT PREJUDICE at this time.

A separate Order follows.

Dated: April 3, 2020

/s/
Richard D. Bennett
United States District Judge

---

² *See Baehr v. Creig Northrop Team, P.C.*, --- F.3d ---, 2020 WL 1224415, at *9 (4th Cir. 2020) (holding that once a district court has determined that it lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause" (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 102, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998))).